UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

ADAM MYNSARSKI,

Plaintiff,

v.

FIRST RELIANCE INSURANCE CO.,

Defendant.

Civil No. 3:23-cv-00075-GFVT

**MEMORANDUM OPINION & ORDER**

*** *** *** ***

This matter is before the Court on Defendant's Motion to Reconsider this Court's Order on Plaintiff's Motion to Remand. [R. 13.] Plaintiff Mynarski attempted to serve Defendant First Reliance twice at the wrong address. Finally, Plaintiff found the right address and sent his complaint there. Within 30 days of service at its correct address, First Reliance attempted removal. In an interlocutory Order, this Court granted Plaintiff's request to remand to state court. In so doing, the Court found that First Reliance was responsible for the initial confusion because it failed to keep an up-to-date address. Therefore, the Court purported to equitably estop First Reliance from benefiting from its own negligence by asserting timely removal pursuant to its actual receipt date. However, because that reasoning rested on a material factual error now corrected by First Reliance, its Motion to Reconsider **[R. 13]** is **GRANTED.**

**I**

Mr. Mynarski is a Kentucky resident insured under Defendant First Reliance's Long-Term Disability (LTD) Policy.[1] [R. 1-1 at 9–10; R. 1-5.] Due to numerous physical limitations,

[1] The facts recounted here are taken from Plaintiff's Amended Complaint [R. 1-1] and this Court's prior Order. [R. 12.]

Mr. Mynarski states that he has been unable to work since January 2021. [R. 1-1 at 11.] He alleges that he is eligible for benefits under the Policy because he is unable to successfully perform his "Activities of Daily Living" (ADL). *Id.* at 11–12. Despite his eligibility for ADL benefits, he states that the Defendant insurer denied his claim. *Id.* at 12. Shortly after the denial, the Defendant allegedly went a step further and terminated Mr. Mynarski's LTD benefits altogether. *Id.* Mr. Mynarski appealed both of these decisions in August 2023. *Id.* He states he has heard nothing from the Defendant in response. *Id.* Now, he alleges that Defendant First Reliance "breached the terms of the insurance policy by, *inter alia*, terminating Mr. Mynarski's LTD benefits and denying his claim for ADL benefits." *Id.* at 13.

Mr. Mynarski filed this action in Henry Circuit Court on December 1, 2022. [R. 1-1.] Plaintiff Mynarski repeatedly represents that First Reliance transacted insurance business in Kentucky without authorization. [*See* R. 6 at 1–2, 4, 5, 6–7, 9; R. 11 at 2, 5, 7.] Based on this state of affairs, Plaintiff Mynarski explained that he served First Reliance through Kentucky Secretary of State, who is appointed to accept service of process on behalf of unauthorized insurers. [R. 6 at 4–7.]

Mr. Mynarski served process on the Kentucky Secretary of State on December 8, 2022. [R. 6-1 at 2.] The Secretary of State then served First Reliance at the address listed on the Plaintiff's Policy (590 Madison Avenue in New York City). [R. 10 at 2; R. 6 at 5.] On October 11, 2023, Plaintiff Mynarski filed an Amended Complaint. [R. 1-1 at 9.] Again, Mr. Mynarski served First Reliance through the Kentucky Secretary of State. [R. 6 at 2.] Mr. Mynarski also took it upon himself to mail a copy of the Amended Complaint and summons to First Reliance separately at 488 Madison Avenue (its registered address). *Id.* First Reliance states that it never received either copy of the Complaint sent by the Kentucky Secretary of State. [R. 10 at 3–4.] It

explains that the copy of the Amended Complaint shipped to 488 Madison Avenue is the first and only document it has received in this case.[2] *Id.* First Reliance received that copy of the Amended Complaint on October 16, 2023. *Id.* On November 1, 2023, First Reliance removed the action to federal court. [R. 1.] Plaintiff Mynsarki argues that First Reliance's notice of removal was untimely because it was filed more than 30 days after December 8, 2022, when First Reliance was served. [R. 6.] First Reliance disagrees, stating that it did not receive notice of this action until October 16, 2023, and that its November 1, 2023, removal was therefore timely. [R. 10.]

In its Prior Order, the Court equitably estopped First Reliance from asserting timely removal under the actual receipt rule. [R. 12.] In applying estoppel, the Court noted as follows:

> First Reliance negligently transacted insurance business in Kentucky without properly registering. Because of that negligence, the Plaintiff and the Secretary of State resorted to serving First Reliance at its last known address. But that address was incorrect, again, due to First Reliance's negligence. First Reliance then responded to this state of affairs by attempting removal five months too late. In support of removal, First Reliance sought to excuse its untimeliness by hiding behind its own failure to keep an accurate address.

*Id.* at 9. Now, the Court agrees with First Reliance that reconsideration is necessary because First Reliance was never obligated to register in Kentucky to begin with.

## II

A federal district court has the authority to reconsider interlocutory orders under both the common law and Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborer's Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Courts reconsider interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a

---

[2] Interestingly, Plaintiff does not clarify how he knew to send the Amended Complaint to the Defendant's correct address (488 Madison Avenue) in October 2023. [R. 10 at 3.]

need to correct a clear error or prevent manifest injustice." *Id.* A motion to reconsider an interlocutory order is not an invitation for the parties to relitigate the issue. *See Hazard Coal Corp. v. Am. Res. Corp.*, No. 6:20-CV-010-CHB, 2022 WL 18638743, at *3 (E.D. Ky. Sept. 9, 2022).

**A**

As a threshold matter, Plaintiff Mynarski contends that this court no longer has jurisdiction to reconsider its prior Order. [R. 14 at 2.] Plaintiff is correct that after a district court has remanded a case, it loses the jurisdiction to reconsider that order. 28 U.S.C. § 1447 ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]").

Here, however, the Court has not yet entered a final remand order. In the Court's prior Order, it directed the Plaintiff to provide proof of attorney fees so that the Court may issue a fee award. [R. 12 at 9.] Next, it stated "[f]ollowing resolution of the attorney fees issue, the Court will enter an order remanding the action to Henry Circuit Court." *Id.* at 10. This statement evinces the Court's intention not to finally remand the action until attorney fees could be awarded. Accordingly, the Court can and will reconsider its previous interlocutory Order. *Pearson v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 99 F. App'x 46, 53 (6th Cir. 2004) ("Because the defendants filed a timely motion to reconsider, the order to remand was not final, and the claims had not yet been remanded[,] [t]he district court had the authority to reconsider its own order[.]"); *Amar v. Minnesota Mining & Mfg. Co.*, No. CIV.A. 404CV164M, 2005 WL 3448066, at *1 (W.D. Ky. Dec. 13, 2005) ("[O]nce a district court *certifies* a remand order to a state court it is divested of jurisdiction and can take no further action on the case.") (emphasis added).

**B**

"[T]his Court's decision is only correct if First Reliance was required to register to do business in Kentucky but failed to do so." [R. 13 at 10.] Because First Reliance was not required to register in Kentucky, reconsideration is necessary to correct an error or prevent manifest injustice.

In its Motion to Reconsider, First Reliance cites a statutory provision that it did not cite in its initial briefing. First Reliance avers that, under the statute, it was never required to register in Kentucky because the policy at issue was a group policy delivered to Plaintiff's employer in New York. [R. 13 at 3–11]; Ky. Rev. Stat. Ann. § 304.11-030(1)(f) (West 2024) (explaining that "[t]ransactions in this state involving group life and group health or blanket health insurance or group annuities where the master policy of such groups was lawfully issued and delivered in a state in which the company was authorized to do an insurance business" are exempt from the registration requirement). In its Motion, First Reliance attaches proof that it is registered as an insurer in New York (under its proper address). [R. 13-1.]

Indeed, First Reliance's clarification fundamentally impacts the basis of this Court's prior Order. As First Reliance now explains, it was not obligated to register in Kentucky. It was required to register in New York. It did register in new York. And its publicly available registration with the state of New York contained the correct address. [R. 13-1.] Indeed, when confronted with this information, Plaintiff responded by withdrawing his request for attorney fees.[3] The Court agrees with the parties that the fee request should be withdrawn. And even

[3] Nevertheless, Plaintiff maintains his position that First Reliance was engaged in the unauthorized practice of insurance.

though First Reliance makes new arguments in its Motion to Reconsider, reconsideration is necessary to prevent a miscarriage of justice in this case.

Accordingly, the Court agrees with First Reliance that it should not be equitably estopped from applying the actual receipt rule. And because its notice of removal occurred within 30 days of actual receipt, First Reliance's removal was timely. Having found that the removal was timely, the Court must finally determine whether ERISA applies to confer federal jurisdiction.

**C**

"ERISA grants federal and state courts concurrent jurisdiction over actions brought by plan participants or beneficiaries pursuant to 29 U.S.C. § 1132(a)(1)(B) to enforce their rights under the terms of a plan." *Stengell v. Allied Energy, Inc.*, No. 1:12CV-00003-JHM, 2012 WL 1637006, at *3 (W.D. Ky. May 8, 2012). "Employers can establish ERISA plans 'rather easily.'" *Int'l Res., Inc. v. N.Y. Life Ins. Co.*, 950 F.2d 294, 297 (6th Cir. 1991) (quoting *Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Accident Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987)). Under ERISA, an "employee welfare benefit plan and welfare plan" is "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants . . . through the purchase of insurance . . . benefits in the event of [] disability . . . ." 29 U.S.C. § 1002(1).

To determine whether that definition applies, district courts "undertake a three-step factual inquiry." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 434 (6th Cir. 1996). First, courts apply the Department of Labor's "safe harbor" regulations "to determine whether the program was exempt from ERISA." *Id.* Secondly, courts assess whether there was a "plan." *Id.* at 435. The existence of a plain is ascertained by assessing "whether 'from the surrounding

circumstances a reasonable person [could] ascertain the intended benefits, the class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Id.* (quoting *N.Y. Life Ins. Co.*, 950 F.2d at 297). Third and finally, courts determine "whether the employer 'established or maintained' the plan with the intent of providing benefits to its employees." *Id.*

Plaintiff concedes that ERISA applies. [R. 11 at 4.] Still, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). As such, the court must independently assess whether ERISA applies to confer jurisdiction. Upon review, the Court agrees with the parties that ERISA applies.

**1**

First, the safe harbor regulations are inapposite. Under those regulations, a plan is excluded from ERISA if:

> (1) the employer makes no contribution to the policy; (2) employee participation in the policy is completely voluntary; (3) the employer's sole functions are, without endorsing the policy, to permit the insurer to publicize the policy to employees, collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in connection with the policy other than reasonable compensation for administrative services actually rendered in connection with payroll deduction.

*Id.* Here, it appears the employer does contribute to the policy. [*See* R. 1-5 at 10 (identifying insured's contributions as 0%).] And it does not appear that participation is voluntary. *Id.* at 9 (identifying minimum participation requirements at 100%). That ends the safe harbor analysis because the exclusion applies only if all four elements are met.

**2**

Second, the Court agrees with First Reliance that there was a plan. The intended benefits, beneficiaries, source of financing, and procedures for receipt are manifest upon review of the policy. *See id.* at 9–10, 17–18, 20.

**3**

Third, it appears Mr. Mynarski's employer maintained the plan with the intent of providing benefits to its employees. *See N.Y. Life Ins. Co.*, 950 F.2d at 298 ("[Mr. Mynarski's employer] chose the plan, paid the premiums, and gave this coverage to all its [eligible] employees as an employee benefit.").

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. First Reliance's Motion for Reconsideration **[R. 13]** is **GRANTED;**
2. The Court's Memorandum Opinion and Order at **[R. 12]** is **VACATED;**
3. Plaintiff's Request to Remand **[R. 6]** is **DENIED;**
4. The Plaintiff's Request for Attorney Fees **[R. 6]** is considered **WITHDRAWN;**
5. Briefing on First Reliance's Motion for Extension of Time to Respond to Plaintiff's Complaint [R. 4] is no longer held in abeyance; and
6. Plaintiff **SHALL** file any Response to Defendant's Motion for Extension of Time within **seven (7) days** of the entry of this Order.

This the 24th day of April, 2024.




Gregory F. Van Tatenhove
United States District Judge